16-2355
Dong v. Sessions

BIA
Loprest, IJ
A073 001 546

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of October, two thousand seventeen.

PRESENT:
      DENNIS JACOBS,
      PIERRE N. LEVAL,
      RAYMOND J. LOHIER, JR.,
        *Circuit Judges.*

_____

JIANGENG DONG,
      *Petitioner,*

      v.                    16-2355
                                  NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:      Farah Loftus, Los Angeles, CA.

FOR RESPONDENT:      Chad A. Readler, Acting Assistant Attorney General; Rebekah Nahas, Trial Attorney; Judith R. O'Sullivan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jiangeng Dong, a native and citizen of the People's Republic of China, seeks review of a June 10, 2016, decision of the BIA affirming a January 14, 2015, decision of an Immigration Judge ("IJ") denying Dong's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jiangeng Dong,* No. A073 001 546 (B.I.A. June 10, 2016), *aff'g* No. A073 001 546 (Immig. Ct. N.Y. City Jan. 14, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed only the agency's adverse credibility determination. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522-23 (2d Cir. 2005). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum

applicant's "demeanor, candor, or responsiveness;" the plausibility of his account; and inconsistencies in his statements and with other record evidence "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Substantial evidence supports the agency's determination that Dong was not credible.

The agency reasonably found that Dong's credibility was undermined by his late amendment to his asylum statement adding his 1997 altercation with family planning officials. Notably, in July 2007, just over a month after Dong submitted his original asylum application, we ruled that a spouse of an individual forcibly sterilized could not rely solely on that sterilization to carry his or her asylum claims; rather, the spouse had to demonstrate his or her own "resistance to a coercive population control program." *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309-10 (2d Cir. 2007) (quoting 8 U.S.C.

§ 1101(a)(42)).  Therefore, the agency was justified in inferring that Dong amended his asylum statement with a manufactured incident.  *See* *Siewe v. Gonzales*, 480 F.3d 160, 169 (2d Cir. 2007) (deferring to agency inference "[s]o long as an inferential leap is tethered to the evidentiary record").

Contrary to Dong's argument, his claim that he was beaten violently by family planning officers is not minor, and its omission from his original asylum application is suspect and may alone support the adverse credibility determination.  *See* *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (upholding adverse credibility determination based on material inconsistency relating to past harm that formed basis of the asylum claim); *Xiu Xia Lin*, 534 F.3d at 166 n.3 ("An inconsistency and an omission are, for [credibility] purposes, functionally equivalent.").  Given the more minor details in the lengthy statement, the agency was not required to credit Dong's explanation that his attorney did not tell him to include the beating.  *See* *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would

4

be *compelled* to credit his testimony." (internal quotation marks omitted)).

The adverse credibility determination is further bolstered by the agency's demeanor finding, to which we defer. *See Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005). And Dong did not rehabilitate his testimony with reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The agency reasonably gave diminished weight to documents from Dong's family members and his church because the drafters were interested witnesses, not available for cross-examination, or both. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (finding that the weight afforded to evidence in immigration proceedings "lies largely within the discretion of the IJ" (internal quotation marks omitted)). And although the agency erred in suggesting that Dong needed "a certain degree of doctrinal knowledge" to support his claim of conversion to Christianity, it reasonably determined that he failed to corroborate his claim with a witness from his church. *See Rizal v. Gonzales*, 442 F.3d 84, 90 (2d Cir. 2006); *Biao Yang*, 496 F.3d at 273. The agency also

gave diminished weight to the "birth certificates, letters from village cadres, and other documents [that] constitute official documents" because they were not authenticated in accordance with 8 C.F.R. § 1287.6. But the regulation "is not the exclusive means of authenticating records before an immigration judge" and "asylum applicants can not always reasonably be expected to have an authenticated document from an alleged persecutor." *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 404 (2d Cir. 2005). As such, the agency erred in giving diminished weight to Dong's official documents. However, the erroneous ruling was not an essential part of the decision—the IJ stated that Dong's application was not denied "solely for lack of corroboration," but rather because of Dong's lack of credibility.

Accordingly, although the agency's decision was not without flaws, the errors are minor—incorrectly requiring doctrinal knowledge does not excuse Dong's failure to present a corroborating witness to his Christianity, and the erroneous requirement of authentication applied to only a subset of Dong's evidence. By comparison, Dong omitted his beating by family planning officers, a major component of his claim of

persecution, and the IJ's demeanor finding was supported by specific examples and entitled to particular deference. As such, the evidence "overwhelmingly supports" the IJ's adverse credibility finding, such that remand would be futile because "there is no realistic possibility of a different result." *See Cao He Lin*, 428 F.3d at 395.

The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk